IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

JEFFREY HAUN,

                   Plaintiff,                                       Case No. 6:23-cv-534-MC

                      v.                                         OPINION AND ORDER

JPMORGAN CHASE BANK, N.A., et al.,

                   Defendants.

_____

MCSHANE, Judge:

      Plaintiff Jeffrey Haun, proceeding *pro se*, filed a complaint in state court against JP Morgan Chase Bank, N.A.. Notice of Removal, Ex. 1; ECF No. 1. Haun brings claims for wrongful foreclosure, quiet title, IIED, and slander of title. The allegations concern foreclosure proceedings at real property located at 41709 Stayton Scio Road, SE Stayton, OR 97383. *Id.* at 1. Generally, Haun alleges he entered into a loan modification after falling behind on payments during the 2010 collapse of the real estate market. Haun alleges JP Morgan breached the loan modification and moved forward with foreclosure proceedings. *Id.* at 4. Haun acknowledges that JP Morgan "received a Judgment of foreclosure on December 21, 2018 providing them the authority to foreclose on the property." *Id.*. Haun alleges that Defendant was required to sell the property within two years of the date of the judgment of foreclosure and, because more than two years have passed, "the judgment is now void and the sale cannot proceed. Even still, Chase is

attempting to proceed with its void judgment on an unlawful and illegal foreclosure." *Id.*
Defendant removed the action and moved to dismiss. Notice of Removal; Motion to Dismiss,
ECF No. 4.

## STANDARD OF REVIEW

This Court may dismiss a claim at any time if it fails to state a claim upon which relief
can be granted. 28 U.S.C. § 1915(e)(2)(B)(ii). "In ruling on a 12(b)(6) motion, a court may
generally consider only allegations contained in the pleadings, exhibits attached to the
Complaint, and matters properly subject to judicial notice." *Swartz v. KPMG, LLP*, 476 F.3d
756, 763 (9th Cir. 2007). In order to survive a motion to dismiss, a Complaint must contain more
than a "formulaic recitation of the elements of a cause of action. . ." *Bell Atlantic Corp. v.
Twombly*, 550 U.S. 544, 555 (2007). A Complaint must allege facts sufficient to "state a claim to
relief that is plausible on its face." *Id.* at 570. A claim is facially plausible when the factual
allegations give rise to a reasonable inference that the defendant is liable for the alleged
misconduct. *Ashcroft v. Iqbal*, 556 U.S. 662, 663 (2009). However, the factual allegations must
allow the court to infer more than a "mere possibility of misconduct." *Id.* at 679. When
considering a motion to dismiss for failure to state a claim upon which relief can be granted, a
court should view all allegations made in the complaint in a light most favorable to the plaintiff.
*Sun Sav. & Loan Ass'n v. Dierdorff*, 825 F.2d 187, 191 (9th Cir. 1987). A court need not,
however, accept legal conclusions "cast in the form of factual allegations." *Western Mining
Council v. Watt*, 643 F.2d 618, 624 (9th Cir. 1981).

## DISCUSSION

Defendant argues the statute of limitations cited to by Haun relates not to the enforcement
of a judgment of foreclosure, but instead to foreclosures based on delinquent taxes or other

factual patterns not present here. Def.'s Mot. 8. The plain language of the statute confirms Defendant is correct. *See* ORS 312.230(1). The Court agrees with Defendant that ORS 88.060 applies to the judgment at issue. That statute provides that a party seeking to enforce a judgment of foreclosure may seek to enforce the judgment "as in ordinary cases." And "in ordinary cases," "judgment remedies for a judgment in a civil action expire 10 years after the entry of the judgment." ORS 18.252(1), 18.180(3). For this reason, Haun's claim that the judgment at issue is void due to a two-year statute of limitations necessarily fails.[1]

Regarding any challenge as to the validity of the previous foreclosure proceedings, the Court concludes any such claims are barred by issue and/or claim preclusion. As pointed out in Defendant's request for judicial notice, Haun has filed a plethora of actions (understandably) attempting to head off the foreclosure and sale of the real property at 41709 Stayton Scio Road. As relevant here, in 2017 Haun filed a complaint before this Court raising challenges to the underlying foreclosure proceedings. There, also naming JP Morgan, Haun alleged:

> Plaintiff's Denial of Due Process and constitutional rights per improper mortgage company procedures, both servicing and otherwise, and including, but not limited to, improper noticing for mortgage note and deed activities (i.e., divergent paths for both). This action cites: Fraud, Negligence, and Misrepresentation attributed to Defendants' multiple violations of ignoring proper loan procedures.

Compl., 5.

The Court suspected Haun based his claim on the fact that the note and deed of trust were separated due to assignments common when MERS was listed as the beneficiary on a deed of trust. The Court informed Haun that the Oregon Supreme Court discussed this practice in *Brandrup v. ReconTrust*, 353 Or. 668, 672 (2013) and *Niday v. GMAC Mortg., LLC*, 353 Or.

---

[1] The Court notes Haun failed to respond to the motion to dismiss and the time to do so has passed. As Haun failed to respond, the Court could dismiss his claims for failure to prosecute. However, as demonstrated in this Opinion, Haun's claims clearly fail on the merits, so the dismissal is with prejudice.

648, 660 (2013). The Court noted that, without more, the fact that MERS was involved in Haun's loan does not support a claim for relief. *Brandrup* did not render invalid every deed of trust listing MERS as "beneficiary." Instead, courts simply treat the lender as the true beneficiary. *Niday*, 353 Or. at 660. The Court permitted Haun multiple attempts to amend his complaint to state a valid claim for relief. Ultimately, the Court concluded that because Haun's note-splitting arguments all failed on the merits, dismissal with prejudice was appropriate. *See Haun v. JP Morgan Chase Bank, N.A.*, 6:17-cv-00052-MC, ECF No. 14 (D. Or. Op. July 27, 2017). Haun did not appeal that Judgment.

As noted above, Haun's statute of limitations claim clearly fails. And any challenges Haun makes regarding the underlying foreclosure proceedings are precluded."Under *res judicata*, a final judgment on the merits of an action precludes the parties or their privies from relitigating issues that were or could have been raised in that action." *Allen v. McCurry*, 449 U.S. 90, 94 (1980). Similarly, collateral estoppel prevents relitigation of an issue of fact or law under a new cause of action that has already been decided in a prior court proceeding involving a party from the first case. *Id.* The Full Faith and Credit Act, 28 U.S.C. § 1738, requires federal courts to give state court judgments the same preclusive effect that the law of the state where the judgment was rendered would give. *Gonzales v. California Dep't of Corr.*, 739 F.3d 1226, 1230 (9th Cir. 2014).

As noted, Haun never appealed this Court's 2017 Judgment dismissing his foreclosure and splitting of the note claims with prejudice. And the Court takes judicial notice of the fact the state court entered a final judgment of foreclosure in favor of Defendant. A plaintiff may not bring an action against the same defendant twice where the second claim is based on the same factual transaction as the first, seeks an additional or alternative remedy, and could have been

joined in the first action. *Drews v. EBI Companies*, 310 Or. 134, 140 (1990). Claim preclusion

does not require actual litigation, nor does it require that the determination of the issue was

essential to the outcome of the proceeding. *Id.* Claim preclusion only requires that the Plaintiff

had the opportunity to litigate and that there was a final judgment in the first action. *Id.*

Haun has had the opportunity to, and indeed has brought multiple actions, challenging JP

Morgan's actions related to the deed and note related to the property at 41709 Stayton Scio

Road, SE Stayton, OR 97383. Any such claims have been resolved in Defendant's favor or are

otherwise barred. And Defendant's Judgment of Foreclosure for the property is valid for (at

least) 10 years. ORS 18.252(1), 18.180(3).

## CONCLUSION

As Haun fails to state a claim, Defendant's Motion to Dismiss, ECF No. 4, is

GRANTED. Because amendment would be futile, the dismissal is with prejudice.

IT IS SO ORDERED.

DATED this 28th day of June, 2023.

_____/s/ Michael McShane_____
Michael McShane
United States District Judge

5 – OPINION AND ORDER